**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON f/k/a LIBERTY LIFE ASSURANCE COMPANY OF BOSTON and PROTECTIVE LIFE INSURANCE COMPANY, <br><br> *Interpleader Plaintiffs*, <br><br> v. <br><br> MARQUITTA MEADE, LESLEY MEADE, LAURENCE MEADE, LANCE MEADE, MILLICENT MEADE, and the ESTATE OF MARTHA M. MEADE, <br><br> *Interpleader Defendants*. | Case No. 4:22-cv-00027 |

## COMPLAINT-IN-INTERPLEADER

Plaintiffs Lincoln Life Assurance Company of Boston f/k/a Liberty Life Assurance Company of Boston ("Lincoln Life") and Protective Life Insurance Company ("Protective"), (collectively, the "Interpleader Plaintiffs"), through undersigned counsel, hereby submit this Complaint-in-Interpleader against Defendants Marquitta Meade, Lesley Meade, Laurence Meade, Lance Meade, Millicent Meade, and the Estate of Martha M. Meade (collectively, the "Interpleader Defendants") as follows:

## PARTIES

1. Lincoln Life is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business located in Radnor, Pennsylvania. Lincoln Life is, and at all relevant times was, authorized to transact business in the State of Indiana.

2. Protective is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business located in Birmingham, Alabama. Protective is, and at all relevant times was, authorized to transact business in the State of Indiana.

3. Interpleader Defendant Marquitta Meade is a citizen of the State of Georgia. Upon information and belief, Marquitta Meade is the daughter of the insured under the life insurance policy at issue in this interpleader lawsuit, Martha M. Meade (hereinafter, the "Insured").

4. Interpleader Defendant Lesley Meade is a citizen of the State of Indiana. Upon information and belief, Lesley Meade is the son of the Insured.

5. Interpleader Defendant Laurence Meade is a citizen of the State of Wisconsin. Upon information and belief, Laurence Meade is the son of the Insured.

6. Interpleader Defendant Lance Meade is a citizen of the State of California. Upon information and belief, Lance Meade is the son of the Insured.

7. Interpleader Defendant Millicent Meade is a citizen of the State of California. Upon information and belief, Millicent Meade is the daughter of the Insured.

8. Upon information and belief, the Insured resided in Tippecanoe County, Indiana at the time of her death. Therefore, pursuant to 28 U.S.C. § 1332(c)(2), Interpleader Defendant Estate of Martha M. Meade (hereinafter, the "Estate") is a citizen of the State of Indiana. Upon further information and belief, Lesley Meade is the executor of the Estate.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C § 1335 because there is minimal diversity among the adverse claimants and the amount in controversy exceeds $500.00.

10. Venue is proper under 28 U.S.C. § 1397 because at least one Interpleader Defendant resides in this judicial district.

11. In this statutory interpleader action, nationwide service of process is made pursuant to 28 U.S.C. § 2361, and this Court may exercise personal jurisdiction over all Interpleader Defendants.

**GENERAL ALLEGATIONS**

12. On or around June 13, 2005, Liberty Life Assurance Company of Boston issued a policy insuring the life of Martha M. Meade (defined above as the "Insured") in the face amount of $139,980.00—Policy No. 75561245NU3 (the "Policy"). In the application that was incorporated as part of the Policy, Marquitta Meade, Lance Meade, and Lesley Meade were designated as the Policy's beneficiaries.

13. On or around November 3, 2017, the Insured changed the Policy beneficiary to her Estate.

14. Effective September 1, 2019, Liberty Life Assurance Company of Boston changed its name to Lincoln Life Assurance Company of Boston, and the Policy was assigned a new policy number—Policy No. CP6077156 (defined above as the "Policy").

15. Also effective September 1, 2019, Protective became the administrator of the Policy.

16. Upon information and belief, the Insured died on October 27, 2020.

17. On or around December 16, 2021, Interpleader Plaintiffs received an e-mail from Marquitta Meade, advising: "I am hereby submitting a claim that an error exists in my mother's life insurance policy and I am requesting that the benefit NOT be paid to her estate . . . . My mother wanted the death benefit to go directly to each of the five siblings and never go through the Estate."

3

Ms. Meade further advised that she was concerned that her brother, Lesley Meade, "did NOT have the facts and may have convinced Mother to move the policy into her estate so he could control it and draw fees from it." Ms. Meade additionally stated: "If I need to take legal action to keep this from the Estate, please advise me."

18. On or around January 10, 2022, Interpleader Plaintiffs received an e-mail from Marquitta Meade providing the names and addresses of the Insured's five children.

19. On or around January 10, 2022, Interpleader Plaintiffs received another e-mail from Marquitta Meade, advising again: "I want to challenge [payment of the proceeds to the Estate], legally, before any check is written."

20. On or around January 14, 2022, Interpleader Plaintiffs sent written correspondence to Marquitta Meade, Lesley Meade, Laurence Meade, Lance Meade, Millicent Meade and the Estate, advising of the challenge to the Policy beneficiary designation. Interpleader Plaintiffs provided the parties with a thirty-day courtesy period in which to explore resolution of their dispute. Interpleader Plaintiffs further advised that if the parties could not reach an agreement, it would be necessary for Interpleader Plaintiffs to refer the matter to their legal department for a potential interpleader.

21. To date, the Interpleader Defendants have not reached a resolution regarding distribution of the Policy proceeds.

22. In light of the foregoing, the Interpleader Plaintiffs cannot determine without peril the proper party or parties to whom the Policy proceeds are owed and payable. As a result, Interpleader Plaintiffs have been compelled to retain counsel and file this interpleader complaint against Interpleader Defendants.

## INTERPLEADER TO DEPOSIT POLICY PROCEEDS
## <u>INTO THE REGISTRY OF THE COURT</u>

23. The Interpleader Plaintiffs incorporate by this reference each preceding paragraph as if fully set forth herein.

24. The Interpleader Plaintiffs admit that the Policy proceeds are payable. However, due to the contest surrounding the proper distribution of the Policy proceeds described above, the Interpleader Plaintiffs cannot determine without peril the proper beneficiary or beneficiaries to whom the Policy proceeds are owed.

25. The Interpleader Plaintiffs claim no beneficial interest in the Policy's death benefit, and they are instead mere stakeholders to the proceeds.

26. Unless the potentially conflicting claims of the Interpleader Defendants are disposed of in a single proceeding, the Interpleader Plaintiffs may be subject to multiple litigation and face substantial risk of suffering duplicate or inconsistent rulings on liability for payment of the Policy proceeds.

27. The Interpleader Plaintiffs are ready, willing, and able to pay the Policy's death benefit and accrued interest thereon into the Registry of the Court upon issuance of an order authorizing the deposit of said interpleader funds.

28. The Interpleader Plaintiffs are entitled to an order enjoining the Interpleader Defendants, and anyone acting directly or indirectly on their behalf, from commencing or maintaining any action in any state or federal court against the Interpleader Plaintiffs for the recovery of any claim, in whole or in part, against the Policy.

29. The Interpleader Plaintiffs should be discharged as disinterested stakeholders and should recover their reasonable attorneys' fees and costs incurred in prosecuting this interpleader action.

**PRAYER FOR RELIEF**

WHEREFORE, the Interpleader Plaintiffs respectfully request that this Court enter a final judgment in their favor and against the Interpleader Defendants as follows:

1. That the aforementioned Policy proceeds and applicable accrued interest thereon be accepted into the Registry of this Court and held in an interest-bearing account for future disbursement according to the judgment of this Court;

2. That the Court adjudicate the issue of which Interpleader Defendant(s) are rightfully entitled to the Policy proceeds at issue;

3. That the Court enter an order enjoining each of the Interpleader Defendants, their agents, attorneys, and/or assigns, and any other purported beneficiaries of the Policy, from instituting or maintaining any action in any court or forum against the Interpleader Plaintiffs for the recovery of any claim, in whole or in part, against the Policy;

4. That an award be made to the Interpleader Plaintiffs out of the funds to be deposited into the Registry of this Court, as reimbursement for the costs, attorneys' fees, and other expenses that the Interpleader Plaintiffs are compelled to expend in the prosecution of this interpleader lawsuit;

5. That the Interpleader Plaintiffs be dismissed *with prejudice* from this action and discharged from any and all further liability with respect to, affecting, or in any way arising out of the Policy with an express finding of finality; and

6. That the Interpleader Plaintiffs be awarded such other and further relief as the Court may deem just and proper.

Dated: April 14, 2022

Respectfully submitted,

*/s/ Angela Kelver Hall*
Angela Kelver Hall
Liam Williams
**Faegre Drinker Biddle & Reath LLP**
300 N. Meridian Street
Suite 2500
Indianapolis, IN 46204
(317) 237-0300
angela.hall@faegredrinker.com
liam.williams@faegredrinker.com

*Attorneys for Interpleader Plaintiffs*