UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON f/k/a LIBERTY LIFE ASSURANCE COMPANY OF BOSTON and PROTECTIVE LIFE ASSURANCE COMPANY,<br>    Plaintiffs, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| v. | )<br>) | CAUSE NO.: 4:22-CV-27-PPS-JEM |
| MARQUITTA MEADE, *et al.*,<br>    Defendants. | )<br>)<br>) | |

**ORDER AND OPINION**

This matter is before the Court on a Motion for Change of Venue [DE 55] filed by Defendant Marquitta Meade on September 27, 2022. Ms. Meade, who is proceeding *pro se*, requests that this matter be transferred to the Northern District of Georgia or the Northern District of California.

**I.      Background**

Martha Meade was the mother of the five named individual Defendants: Lesley, Marquitta, Millicent, Lance, and Laurence. In June, 2005, Martha purchased a life insurance policy from a predecessor to Plaintiff Lincoln Life, naming Marquitta, Lance, and Lesley as beneficiaries. From 2006 through June, 2017, Martha's annual statement showed the beneficiaries as Defendants Marquitta, Lance, and Lesley. In 2017, Martha's beneficiary designation was changed to her estate.

1

Martha died in October, 2020. Shortly thereafter, Defendant Marquitta advised Plaintiffs that the proceeds should not be paid to the estate, but to the five siblings equally.

Plaintiffs thereafter filed this interpleader action. Marquitta filed the instant Motion to Transfer, and following an unsuccessful judicial settlement conference, the Court entered a briefing schedule on that motion. The Estate of Martha Meade filed its response on January 4, 2023, Lesley filed his response on January 6, 2023, and Plaintiffs filed their response on January 5, 2023. Marquitta filed her replies on January 23 and 25, 2023, and a corrected reply on January 27, 2023.

## II.     Standard of Review

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Therefore, for a case to be transferred, the movant must demonstrate that (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) the transfer serves the convenience of the parties and witnesses and is in the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986); *see also Key Electronics, Inc. v. Earth Walk Commc'ns, Inc.*, No. 4:13-CV-00098-SEB, 2014 WL 2711838, at *8 (S.D. Ind. June 16, 2014). The decision to transfer an action is within the sound discretion of the trial court, and the analysis is made on a case-by-case, fact-intensive inquiry; the statute does not indicate the relative weight to be accorded each factor. *Coffey*, 796 F.2d at 219, 220 n. 3.

**III.     Analysis**

Marquitta argues that this case should be transferred pursuant to 28 U.S.C. §§ 1404, 1407, and 1412, in the interest of justice because another Defendant, Lesley Meade, "has significant influence" in Indiana. The Estate of Martha Meade argues that venue is proper in Indiana, as it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," pursuant to 28 U.S.C. § 1391(b)(2), and that pursuant to 28 U.S.C. § 1404(a), this Court has discretion when being asked to transfer venue for the convenience of witnesses and parties. It argues that any venue will be inconvenient to at least some parties and witnesses, so Marquitta should not be permitted to forum shop. Lesley argues that shifting inconvenience is not a permissible reason for transfer, and a transfer would result in more expense to the parties. Plaintiffs argue that this district is proper, there is not a venue which is clearly more convenient, particularly since if there are non-party witnesses to be called, most of them will be Indiana residents, and there is no proof that the interests of justice would be served by transfer.

28 U.S.C. § 1407 applies to multidistrict litigation, involving multiple cases arising from the same set of facts. As such, it is not applicable to this case. Similarly, 28 U.S.C. § 1412 applies to actions brought in bankruptcy courts, and as such, is not applicable to this case.

Under 28 U.S.C. § 1404(a), Marquitta must show that (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) the transfer serves the convenience of the parties and witnesses and is in the interest of justice. *Coffey*, 796 F.2d at 219-20. Marquitta makes no argument about whether venue is proper in Indiana, Georgia, or California. Since at least one

Defendant resides in each of those states, venue would be proper in any of them, as it would be proper in Wisconsin, where another Defendant resides. Marquitta's argument is based on her concerns that Lesley may have influence in Indiana, as he is a lawyer here. The remaining parties argue that venue is proper in this district, Georgia and California and that the balance of convenience would weigh in favor of Indiana.

Since the defendants reside in four different states and possible non-party witnesses reside in Indiana, there is no venue that is wholly convenient or wholly inconvenient in which venue is proper. No matter what venue this case is in, at least some parties will be inconvenienced; there is therefore no compelling reason to change venue based on convenience.

Accordingly, the determinative concern is whether the interest of justice would be served by transfer. *Research Automation*, 626 F.3d at 978 ("The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result."). Despite Marquitta's arguments, the interest of justice weighs heavily against transfer. The parties' respective claims and defenses are fully before this Court. There is no evidence that Lesley has any influence in this Court. Transfer to any other District is likely to delay this case even further and would unnecessarily waste judicial resources.

Marquitta has failed to show that the District of Georgia or the District of California are "clearly more convenient" than the Northern District of Indiana, or that the interests of justice will be served by transfer. *Coffey*, 796 F.2d at 219-20.

**III.**     **Conclusion**

Accordingly, the Court hereby **DENIES** the Motion for Change of Venue [DE 55].

SO ORDERED this 31st day of January, 2023.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record
Defendant Lesley Meade,
Defendant Marquitta Meade, *pro se*
Defendant Lance Meade, *pro se*
Defendant Laurence Meade, *pro se*
Defendant Millicent Meade, *pro se*