UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON f/k/a LIBERTY LIFE ASSURANCE COMPANY OF BOSTON and PROTECTIVE LIFE ASSURANCE COMPANY,<br>    Plaintiffs,<br><br>    v.<br><br>MARQUITTA MEADE, *et. al.*,<br>    Defendants. | CAUSE NO.: 4:22-CV-27-PPS-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Compel [DE 103] filed by Defendant Marquitta Meade, proceeding *pro se*, on July 31, 2023. Ms. Meade requests that Plaintiffs be required to produce certain documents Ms. Meade previously requested, that the Court determine whether certain communications are subject to the attorney-client privilege, impose sanctions against Plaintiffs, order a meet and confer if the motion is denied, and appoint a receiver to "gain access to all papers, recordings, notes, messages, and electronic documents in storage or files of Liberty Life, Lincoln Life, and Protective Life pertaining to [2 policies] and make them available to the Court, as well as all Defendants individually." No other party has responded, and the time to do so has expired. The Court notes that Plaintiffs were dismissed with prejudice on March 20, 2023, after depositing the proceeds from the life insurance policy that is at issue in this case.

**I.     Background**

Martha Meade was the mother of the five named individual Defendants: Lesley, Marquitta, Millicent, Lance, and Laurence. In June 2005, Martha purchased a life insurance policy from a predecessor to Plaintiff Lincoln Life, naming Marquitta, Lance, and Lesley as beneficiaries. From 2006 through June 2017, Martha's annual statement showed the beneficiaries as Defendants Marquitta, Lance, and Lesley. In 2017, Martha's beneficiary designation was changed to her estate. Martha died in October 2020. Shortly thereafter, Defendant Marquitta Meade advised Plaintiffs that the proceeds should not be paid to the estate, but the to the five siblings equally.

Plaintiffs thereafter filed this interpleader action. Following unsuccessful judicial settlement conferences, Plaintiff's Motion for Interpleader of Proceeds, Discharge, and Dismissal with Prejudice was granted by Judge Philip Simon on March 20, 2023. Prior to the entry of that Order, Ms. Meade had filed discovery requests to Plaintiffs. On February 16, 2023, Plaintiffs responded, indicating that all non-privileged documents had previously been produced. [DE 77].

**II.    Standard of Review**

Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Furthermore, the Rule provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Likewise, "[t]he scope of

material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002); *see also Teton Homes Europe v. Forks RV*, No. 1:10-CV-33, 2010 WL 3715566, *2 (N.D. Ind. Sept. 14, 2010). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses, s*ee* Fed. R. Civ. P. 37(a), and Rule 45(c)(3)(A) allows a court to quash a subpoena based on a timely motion where the subpoena requires the disclosure of privileged or other protected matter or subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

### III. Analysis

#### A. Requested Documents

Ms. Meade seems to be seeking copies of documents which do not exist. Plaintiffs produced documents on August 24, 2022, and September 15, 2022 in response to Ms. Meade's

3

prior requests, and Plaintiffs stated that they have produced all non-privileged documents in their possession. [DE 103-1, pp. 2, 3]. Plaintiffs' counsel confirmed to the Court that all documents in their possession had been tendered [DE 103-1, pp. 14-15]. Ms. Meade has presented no argument sustained by any facts indicating that Plaintiffs have not done so.

Accordingly, as the moving party, Marquitta Meade has failed to offer support for her assertion that Plaintiffs have failed to produce any documents in their possession. The Court also notes that Plaintiffs are no longer parties to this action, but since the Motion to Compel is being denied on a substantive basis, the Court need not address whether it has jurisdiction to order Plaintiffs to comply with discovery requests issued prior to their dismissal.

B. <u>Attorneys' Fees</u>

Federal Rule of Civil Procedure 37 governs motions to compel and provides that:

> if the disclosure or requested discovery is provided after the motion was filed[,] the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order the payment of fees if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*. In this case, since no party responded to the Motion to Compel, there is no need to award expenses.

4

**III.    Conclusion**

Accordingly, the Court hereby **DENIES** the Motion to Compel [DE 103].

SO ORDERED this 24th day of August, 2023.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record
Defendant Lesley Meade,
Defendant Marquitta Meade, *pro se*
Defendant Lance Meade, *pro se*
Defendant Laurence Meade, *pro se*
Defendant Millicent Meade, *pro se*